J-S26010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JOSEPH E. BURCKHARD | |
| Appellant | No. 1622 MDA 2016 |

Appeal from the PCRA Order September 7, 2016
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000953-1996

BEFORE:  BOWES, DUBOW, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                **FILED AUGUST 01, 2017**

Joseph E. Burckhard appeals from the PCRA court's dismissal of his third PCRA petition as untimely.  We affirm.

On June 4, 1997, a jury convicted Appellant of fifty-four counts of involuntary deviate sexual intercourse ("IDSI"), sixteen counts of indecent assault, and one count of corruption of minors.  The convictions stemmed from two years of sexual abuse Appellant perpetrated upon six-year-old P.K., while the child was in Appellant's home and entrusted to the care of his wife.  On July 29, 1997, the court sentenced him to five to ten years imprisonment on each of seven of the IDSI counts, its stated intention being to impose a cumulative minimum sentence of thirty-five years and a cumulative maximum sentence of seventy years imprisonment.  On each of

_____
* Former Justice specially assigned to the Superior Court.

the remaining forty-six IDSI counts, the court imposed the same five to ten year term of imprisonment, but ran all of those sentences concurrently with the thirty-five to seventy years. The applicability of a mandatory minimum sentence of five to ten years imprisonment for sexual assault of a victim under age sixteen was acknowledged, but the sentencing court exercised its discretion to impose the mandatory sentences concurrently. In addition, it did not impose a sentence on the sixteen counts of indecent assault and one count of corruption of minors, finding that these offenses merged with the more serious offenses.

This Court affirmed judgment of sentence on September 29, 2000, and Appellant filed his first PCRA petition on April 12, 2001. Following appointment of counsel, an amended petition was filed and an evidentiary hearing held. PCRA relief was denied on July 22, 2003. Appellant filed a timely appeal, this Court affirmed, and the Supreme Court denied allowance of appeal. Appellant filed a second PCRA petition on June 24, 2009, counsel was appointed and the petition amended. After Appellant pled, but failed to prove, a timeliness exception based on newly-discovered evidence, the PCRA court dismissed the petition as untimely on November 5, 2010.

On July 1, 2015, Appellant filed the instant PCRA petition styled as "Motion for Correction of Sentence," counsel was appointed, new counsel

was appointed at Appellant's request, and the second lawyer filed a motion to withdraw and no-merit letter pursuant to **Turner/Finley**.[1] Counsel's petition to withdraw was granted and the court served Rule 907 notice of its intent to dismiss the petition as untimely. Ultimately, the court dismissed the within petition, stating that Appellant had failed to provide any reason why **Commonwealth v. Washington**, 142 A.3d 810, 820 (Pa. 2015), did not render the petition untimely.

Appellant timely filed this appeal and presents two issues for our review:

1. Did the lower court err in denying Appellants' P.C.R.A where Appellant challenged the legality of sentence pursuant to **Alleyne**?

2. Did the lower court abuse its discretion in sentencing Appellant to an aggregated sentence of thirty-five to seventy years incarceration?

Appellant's brief at 3 (unnecessary capitalization omitted).

Our standard of review from the denial of post-conviction relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." **Commonwealth v. Watley**, 153 A.3d 1034, 1039 (Pa.Super. 2016). We "will not disturb findings that are supported by the record." **Id**. at 1040.

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988).

Before we address Appellant's claims, however, we must first determine whether we have jurisdiction to entertain the within appeal. A PCRA petition, including a second or subsequent petition, must be filed within one year of the date judgment of sentence became final. **Commonwealth v. Robinson**, 139 A.3d 178 (Pa. 2016). The time-bar is jurisdictional and implicates the power of the court to adjudicate the controversy. **Id**.

In this case, Appellant's judgment of sentence became final in November 2001, when he did not seek allowance of appeal from this Court's order affirming judgment of sentence. Thus, the within petition filed more than fifteen years later is facially untimely. However, we do review the merits of issues raised in PCRA petitions filed beyond the one-year time bar if the petitioner pleads and proves any one of the following statutorily enumerated exceptions to the time-bar:

> (i) the failure to raise the claim was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). However, even if a petition pleads one of these exceptions, we will not consider it unless the petition was "filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

As the Commonwealth notes, Appellant does not address timeliness or specifically invoke an exception to the time bar. He argues that his sentence based on mandatory minimum sentencing provisions was illegal, and that he is entitled to relief based on the Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151, 2163 (2013), holding that "any fact that, by law, increases the penalty for a crime must be treated as an element of the offense, submitted to a jury, rather than a judge, and found beyond a reasonable doubt." Our High Court subsequently held in *Commonwealth v. Hopkins,* 117 A.3d 247 (Pa. 2015), that a two-year mandatory minimum sentence for possession of controlled substances within a drug-free school zone was unconstitutional under *Alleyne*.

In order to avail himself of the exception to the time bar for new constitutional rights, Appellant was required to file a petition pleading and proving the exception. In his petition, as well as in his appellate brief, Appellant failed to invoke any exception. To the extent that his reliance upon *Alleyne* and *Hopkins* can be construed as invoking the newly-recognized constitutional right exception, we note that neither *Alleyne* nor *Hopkins* was held by the respective courts to apply retroactively.

Furthermore, our High Court held in **_Washington_**, **_supra_** at 820, that "**_Alleyne_** does not apply retroactively to cases pending on collateral review."

Since Appellant did not invoke or prove an exception to the time-bar that would render his petition timely, we lack jurisdiction to consider his claims on the merits.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/2017